UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| MARY JO WEIDRICK,<br><br>                                  Plaintiff,<br><br>                        -against-<br><br>PRESIDENT DONALD J. TRUMP; UNITED STATES ATTORNEY WILLIAM P. BARR; UNITED STATES CONGRESS,<br><br>                                  Defendants. | 20-CV-1057 (CM)<br><br>ORDER OF DISMISSAL |

COLLEEN McMAHON, Chief United States District Judge:

Plaintiff Mary Jo Wedrick, appearing *pro se*, is a nationwide filer who brings frivolous actions against United States Presidents and other federal officials. She brings this action against President Trump, Attorney General William Barr, and the United States Congress, invoking this Court's federal question and diversity jurisdiction. By order dated March 4, 2020, the Court granted Plaintiff's request to proceed without prepayment of fees, that is, *in forma pauperis* (IFP). The Court dismisses the complaint as frivolous.

## STANDARD OF REVIEW

The Court must dismiss a complaint, or portion thereof, that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.  28 U.S.C. §§ 1915(e)(2)(B), 1915A(b); *see Abbas v. Dixon*, 480 F.3d 636, 639 (2d Cir. 2007). While the law mandates dismissal on any of these grounds, the Court is obliged to construe pro se pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they suggest," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474-75 (2d Cir. 2006) (internal quotation marks and citations omitted) (emphasis in original).

A claim is frivolous when it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989), *abrogated on other grounds by Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007); *see also Denton v. Hernandez*, 504 U.S. 25, 32-33 (1992) (holding that "finding of factual frivolousness is appropriate when the facts alleged rise to the level of the irrational or the wholly incredible"); *Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998) ("[A]n action is 'frivolous' when either: (1) the factual contentions are clearly baseless . . . ; or (2) the claim is based on an indisputably meritless legal theory.") (internal quotation marks and citation omitted).

## BACKGROUND

Plaintiff alleges the following: President Trump, Attorney General Barr, and the United States Congress "have terrorized [and] tortured Plaintiff for over 30 years by raping her 24/7 with mind-reading equipment." (ECF No. 2 at 2.) Defendants have also "threaten[ed] to arrest [her] attorney . . . used national TV media . . . to rape, sexually assault Plaintiff 24/7 since 10/31/89 . . . use[d] local media . . . to daily air CIA/FBI smear campaigns against her, including photo-shopping her in various activities . . . [and] recruit[ed] governors, and other state officials . . . to engage in this terrorism actively or engage in complicity." (*Id.*)

Plaintiff claims that "[w]hoever is the officeholder of the President of the United States and the United States Attorney General agrees to and/or orders this terrorism since the inception of this terrorism on October 31, 1989." (*Id.* at 5.) She seeks injunctive relief, including a court order "stop[ping] or stay[ing] all planks of this terrorism at least temporarily until Plaintiff's attorney, SDNY et al can presumably get this case into a State Court wherein Defendants et al cannot continue this terrorism or continue to obstruct justice." (ECF No. 2 at 16.)

## DISCUSSION

Even when read with the "special solicitude" due *pro se* pleadings, *Triestman*, 470 F.3d at 474-75, Plaintiff's claims rise to the level of the irrational, and there is no legal theory on which she can rely. *See Denton*, 504 U.S. at 33; *Livingston*, 141 F.3d at 437.

District courts generally grant a *pro se* plaintiff an opportunity to amend a complaint to cure its defects, but leave to amend is not required where it would be futile. *See Hill v. Curcione*, 657 F.3d 116, 123-24 (2d Cir. 2011); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). Because the defects in Plaintiff's complaint cannot be cured with an amendment, the Court declines to grant Plaintiff leave to amend and dismisses the action as frivolous. *See* 28 U.S.C. § 1915(e)(2)(B)(i).

## WARNING

Plaintiff has filed nine other cases in several district courts, many of which were dismissed as frivolous. *See, e.g.*, *Weidrick v. Trump*, No. 18-CV-1488 (D.C.C. July 19, 2018) (dismissed for failure to state a claim); *Weidrick v. Trump*, No. 18-CV-0132 (M.D. Fla. Jan. 16, 2018) (dismissing action as frivolous); *Weidrick v. Obama*, No. 12-CV-0944 (D.D.C. June 11, 2012) (same); *Weidrick v. Bush*, No. 07-CV-0687 (M.D. Tenn. June 26, 2007) (same); *Weidrick v. Bush*, No. 06-CV-0302 (D.D.C. Feb. 21, 2006) (dismissing action *sua sponte*, basis not provided); *Weidrick v. Bush*, No. 02-CV-2711 (N.D. Tex. Mar. 27, 2003) (dismissing action as frivolous); *Weidrick v. Bush*, No. 02-CV-2451 (D.C. Co. Colorado Feb. 13, 2003) (dismissing action for failure to prosecute); *Weidrick v. Bush*, No. 02-CV-2307 (N.D. Tex. Jan. 7, 2003) (dismissing action as frivolous); *Weidrick v. Vanderbilt Univ.*, No. 02-CV-1673 (D.D.C. Aug. 22, 2002) (dismissing action *sua sponte*, basis not provided).

The Court warns Plaintiff that further frivolous litigation in this Court will result in an order barring her from filing new actions IFP without prior permission. *See* 28 U.S.C. § 1651.

**CONCLUSION**

The Clerk of Court is directed to mail a copy of this order to Plaintiff and note service on the docket.

Plaintiff's complaint is dismissed as frivolous under 28 U.S.C. § 1915(e)(2)(B)(i).

Plaintiff's application for the Court to request pro bono counsel (ECF No. 3) is denied as moot.

The Court warns Plaintiff that further frivolous litigation in this Court will result in an order barring Plaintiff from filing new actions IFP without prior permission. *See* 28 U.S.C. § 1651.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated:   April 27, 2020
         New York, New York

_____
COLLEEN McMAHON
Chief United States District Judge